UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


KENNEDY WRIGHT,

        Plaintiff,

vs.

                                        Case No. 3:14-cv-479-J-39JBT

MR. BARNES, WARDEN, et al.,

        Defendants.

_____

**ORDER**

**I.  Status**

    This cause is before the Court on Defendants Morrell, Barnes, Kent and White's Motion to Dismiss Plaintiff's Complaint (Motion) (Doc. 30).[1]   Plaintiff responded.   <u>See</u> Plaintiff's Response (Response) (Doc. 33); Order (Doc. 7).   Plaintiff also filed a document entitled Motion to Proceed for Summary Judgment (Doc. 34).

    Plaintiff is proceeding on an Amended Civil Rights Complaint (Complaint) (Doc. 26) pursuant to 42 U.S.C. § 1983.   He named as Defendants Barnes, Morrell, White, and Kent, all employees of the Florida Department of Corrections (FDOC).

**II.  Motion to Dismiss**

    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

_____

[1]  In this opinion, the Court references the document and page numbers designated by the electronic filing system.

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

### III.  Eleventh Amendment Immunity

Defendant Morrell and White raise the defense of sovereign immunity to the extent Plaintiff is seeking monetary damages against them in her official capacities. Motion at 11. To the extent Plaintiff is seeking monetary damages against Defendants Morrell and White in their official capacities, the motion to dismiss is due to be granted. An official capacity claim for monetary damages is barred by sovereign immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-102 (1984). Thus, insofar as Plaintiff seeks monetary damages from Defendants Morrell and White in their official capacities, the Eleventh Amendment bars suit. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam).

2

### IV.   Failure to State a Claim for Assault and Battery

Liberally construing the Complaint, as this Court must, Plaintiff has failed to state a claim against the Defendants for a state law claim of assault and battery.  None of these Defendants were alleged to have assaulted or battered Plaintiff.  Motion at 11-12.

Based upon a careful review of the Complaint, there is no facial plausibility as to a state law claim of assault and battery against Defendants Morrell, Barnes, Kent, and White.  Indeed, Plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570. Therefore, the Motion to Dismiss is due to be granted as to the state law claim of assault and battery.

### V.   Failure to State a Claim Against Warden Barnes

Again, liberally construing the Complaint, as this Court must, Plaintiff has failed to state a claim against Defendant Barnes. Motion at 12–13.  Plaintiff alleges that on March 26, 2014, Warden Barnes approached Plaintiff's cell door and said that they would let him out of the box if he would contact his family and ask them to stop calling the prison.  Complaint at 5.  Plaintiff then states that Warden Barnes did not want to address the "issue at hand." <u>Id</u>.  Finally, Plaintiff states he is seeking unspecified injunctive relief for his safety.   <u>Id</u>.

This vague and conclusory allegation against Defendant Barnes will not support a constitutional claim under 42 U.S.C. § 1983.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C § 1983.  Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

Defendant Warden Barnes may not be held liable under a theory of respondeat superior.

> "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted).  "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Gonzalez,[2] 325 F.3d at 1234 (internal quotation marks and citation omitted). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008) (overruled on other grounds); see Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998) (finding supervisory liability requires something more than stating a claim of liability under a theory of respondeat superior).

Based upon a careful review of the Complaint, there is no facial plausibility as to a plausible civil rights claim against

---

[2] Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).

Defendant Warden Barnes.  Simply, Plaintiff has failed to state a claim under the constitution against him.  Indeed, Plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Therefore, Defendant Barnes' Motion to Dismiss is due to be granted.

## VI.  Failure to State a Claim for Injunctive Relief

Plaintiff seeks injunctive relief against Defendants Barnes and Kent in their individual capacities.  Against Barnes, Plaintiff states he is seeking injunctive relief for his safety.  Complaint at 5.  Against Kent, Plaintiff states he is seeking injunctive relief "for his corrupted act in this case."  Id. at 7.  As noted by Defendants, injunctive relief is properly brought against a defendant in his official capacity, not his individual capacity.  Motion at 13.  Assuming arguendo that Plaintiff sought injunctive relief against these Defendants in their official capacities, he has still failed to state a claim for injunctive relief because he has failed to identify the injunctive relief he is seeking against each Defendant.  Further he has failed to explain why he is entitled to injunctive relief.

In the Court's Order (Doc. 25 at 4), the Court directed Plaintiff to clearly identify the relief he is seeking from each Defendant, and if seeking injunctive relief, he must state what injunctive relief he is seeking from a particular Defendant.  This Plaintiff has failed to do.  Therefore, the Motion to Dismiss is

due to be granted as to the claims for injunctive relief against Barnes and Kent.   Since Plaintiff only seeks injunctive relief against Defendant Barnes and Kent, they are due to be dismissed from this action.

### VII.   Exhaustion of Administrative Remedies

Defendants move to dismiss the action pursuant to 42 U.S.C. § 1997e(a).   Motion at 5-11.   Defendants contend that Plaintiff failed to properly exhaust his administrative remedies with respect to his claims against them.   Exhaustion of available administrative remedies is required before a 42 U.S.C. § 1983 action with respect to prison conditions by a prisoner may be initiated in this Court.

Recently, the Eleventh Circuit provided these guidelines:

> Before a prisoner may bring a prison-conditions suit under § 1983, the Prison Litigation Reform Act of 1995 requires that he exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); see also Booth v. Churner, 532 U.S. 731, 736, 121 S.Ct. 1819, 1822, 149 L.Ed.2d 958 (2001). The purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006) (quotation omitted). To properly exhaust, a prisoner must "[c]ompl[y] with prison grievance procedures." Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 922-23, 166 L.Ed.2d 798 (2007).

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1208 (11th Cir. 2015).

The district court must employ a two-step process for resolving motions to dismiss relying on assertions of failure to exhaust administrative remedies:

> After a prisoner has exhausted the grievance procedures, he may file suit under § 1983. In response to a prisoner suit, defendants may bring a motion to dismiss and raise as a defense the prisoner's failure to exhaust these administrative remedies. See Turner,[3] 541 F.3d at 1081. In Turner v. Burnside we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082. First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Id. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. Id. at 1082–83; see also id. at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

Whatley, 802 F.3d at 1209.

Defendants contend that Plaintiff has not exhausted his administrative remedies. Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the Prison Litigation Reform Act. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir.), cert. denied, 555 U.S. 1074 (2008); Jones v. Bock, 549 U.S. 199, 211 (2007); Woodford v. Ngo,

---

[3] Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008).

548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted).  The Supreme Court has stated that "failure to exhaust is an affirmative defense under the PLRA[.]"  Jones v. Bock, 549 U.S. at 216.  However, "the PLRA exhaustion requirement is not jurisdictional[.]"  Woodford v. Ngo, 548 U.S. at 101.  See Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (recognizing that the defense "is not a jurisdictional matter").

If a prisoner does not completely exhaust his remedies prior to initiating a suit in federal court, the complaint must be dismissed.  This is true even if the inmate thereafter exhausts his administrative remedies after initiating his action in federal court.  See Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006) (per curiam).

Moreover, "the PLRA exhaustion requirement requires proper exhaustion."  Woodford, 548 U.S at 93.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims.  Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the

issues on the merits)." <u>Pozo</u>,[4] 286 F.3d, at 1024. . . .

<u>Id</u>. at 90.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." <u>Id</u>.

In the first step of the analysis, in analyzing the Complaint, the Court recognizes that Plaintiff is not required to plead exhaustion, and did not do so; therefore, the Complaint is not subject to dismissal on its face.  In this case, there are disputed issues of fact as to whether Plaintiff exhausted his administrative remedies.  Thus, the Court must now make findings on the disputed issues of fact to decide whether administrative remedies were available to Plaintiff, and if so, whether he properly exhausted his administrative remedies.[2]

The Florida Department of Corrections provides an internal grievance procedure.  <u>See</u> Chapter 33-103, Florida Administrative Code (F.A.C.).  Thus, to determine whether Plaintiff exhausted his administrative remedies, this Court must examine the relevant documents to determine whether the incidents in question were

---

[4] <u>Pozo v. McCaughtry</u>, 286 F.3d 1022 (7th Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 949 (2002).

[2] Since the parties have not requested an evidentiary hearing on this issue and they have submitted evidence for the Court's consideration, the Court proceeds to resolve the material questions of fact based on the documents before the Court.  <u>Bryant</u>, 530 F.3d 1377 n.16 (recognizing that a district court may resolve material questions of fact on the submitted papers when addressing the Prison Litigation Reform Act's exhaustion of remedies requirement).

grieved.   If these incidents were grieved and the documents complied with the deadlines and other procedural rules as set forth in the F.A.C., the issues raised therein are exhausted.

Plaintiff filed a formal grievance to the Warden dated March 9, 2014, complaining that Sgt. Salisbury, on March 9, 2014, made disrespectful comments towards him.   Defendants' Exhibit A (Doc. 30-1) at 2.   Plaintiff states that he told Salisbury that he was "only disrespecting me because [of] his fellow officers[.]"   Id. Finally, Plaintiff claims that Salisbury pushed him to the ground without cause, resulting in Plaintiff hurting his back.   Id.   In a March 12, 2014, Response, the grievance was approved and the matter referred for investigation by the Inspector General.   Id. at 3.

Granted, this grievance alone may not have been sufficient to address the actions of the officers Plaintiff alleges failed to intervene or protect him; however, on March 11, 2014, Plaintiff filed an informal grievance to the Inspector's Office, entitled Inmate Request.   Id. at 12-13.   This grievance states that a correctional officer put his hands on Plaintiff and pushed him down to the ground.   Id.   Of import, it also alleges that three other officers stood by laughing during the incident which took place on March 9, 2014 in front of the Chow Hall.   Id.   The March 13, 2014 Response to this grievance states: "This incident has already been reported to the IG'S Office.   As action has already been taken, **no**

10

**further action is necessary at this time**." Id. at 12-13 (emphasis added).

Defendants assert all of Plaintiff's informal grievances were returned without action or denied on the merits. Motion at 8. Additionally, they contend that Plaintiff failed to appeal the denial of the informal grievances. Id. Upon review, this grievance was not denied or returned without action. Instead, the reviewer advised Plaintiff that the incident had been reported to the Inspector General's Office and no further action was necessary. Under these circumstances, there was nothing for Plaintiff to appeal.

In his Complaint, Plaintiff states that Defendants Morrell and White witnessed the excessive use of force by Salisbury and failed to intervene or protect Plaintiff, a handicapped person. Complaint at 5-6. Given these alleged facts, the March 11, 2014 grievance exhausted administrative remedies with respect to Plaintiff's claim that officers stood by and failed to intervene or protect Plaintiff. Also, the reviewer advised Plaintiff that no further action was necessary. Under these particular circumstances, Defendants Morrell and White have not met their burden of showing a failure to exhaust.

In light of the above, the Court finds that Plaintiff exhausted his administrative remedies before filing a lawsuit to seek judicial redress. Therefore, the Court concludes that the

Motion to Dismiss should be denied with respect to the claim of failure to exhaust administrative remedies.

Therefore, it is now

**ORDERED:**

1.   Defendants Morrell, Barnes, Kent, and White's Motion to Dismiss (Doc. 30) is **granted** to the extent that Plaintiff is seeking monetary damages against Defendants Morrell and White in their official capacities; is **granted** as to the state law claim of assault and battery; is **granted** for failure to state a claim against Defendant Barnes; and is **granted** for failure to state a claim for injunctive relief against Defendants Barnes and Kent.  In all other respects, the Motion to Dismiss (Doc. 30) is **DENIED**.

2.   Defendant **Barnes and Kent** are **DISMISSED** from this action.

3.   Defendants **Morrell and White** must answer or otherwise respond to the Amended Complaint **by January 28, 2016.**

4.   Plaintiff's Motion to Proceed to Summary Judgment (Doc. 34) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of December, 2015.

_____
BRIAN J. DAVIS
United States District Judge

sa 12/28
c:
Kennedy Wright
Counsel of Record

12